**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANET CHOCHOROWSKI, individually and on behalf of all others similarly situated, | ) )  ) | |
| Plaintiff, | ) ) | Case No. 08-cv-849 |
| v. | ) )  ) | Judge: Charles A. Shaw |
| HOME DEPOT U.S.A. d/b/a THE HOME DEPOT, | ) ) )  ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Janet Chochorowski, submits this brief in support of her Motion to Remand.

**INTRODUCTION**

This action was originally filed in Illinois state court in 2002.  In 2007, the Illinois Appellate Court reversed the Illinois trial court and granted Defendant's request that the Illinois case be dismissed for "forum non conveniens" grounds.  Defendant had argued the only proper forum was a Missouri state court.  For that reason, Plaintiff refiled the action in the Missouri court.

In its Notice of Removal, Defendant argues that this Court has jurisdiction based on the diversity jurisdiction provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).  (Def. Not. pp. 2-8).  Defendant alternatively argues that this Court has original jurisdiction over this action under traditional diversity jurisdiction because Plaintiff allegedly seeks injunctive relief that would force Defendant to pay more than $75,000.  (Def. Not. pp. 8-11).

The Court should remand for several reasons.  First, CAFA applies only to actions commenced on or after February 18, 2005.  This action was commenced in Illinois in 2002,

dismissed because Home Depot argued Missouri was a more convenient forum, and then re-filed in Missouri.  Furthermore, Plaintiff's current complaint challenges only Defendant's "old" business practice, not its "new one," because Home Depot changed the practice in response to Plaintiff's lawsuit.  CAFA was not intended to apply to old class actions merely when they are moved to a more convenient forum.

Second, Defendant's argument that more than $5 million is in controversy is wrong.  Defendant argues that Plaintiff's complaint involves $2.191 million in actual damages, but Defendant has ignored Plaintiff's express disclaimer that Plaintiff is not suing about Home Depot's new tool rental agreement and, therefore, "damage protection" charges under that new agreement are not at issue in this case.  This case is only about the "damage waiver" charges under the old agreement.  Furthermore, the amount of punitive damages Plaintiff could collect is much lower than the $4 million argued by Defendant.  (Cmplt. ¶¶ 7 & 37-42).

Third, Plaintiff does not seek injunctive relief or attempt to force a change in Defendant's business practices.  Again, Defendant has already changed its business practice and so this case is seeking damages allegedly caused by Defendant's old practice, not its new one.  Plaintiff's Complaint does not purport to seek injunctive relief changing Defendant's business practice.  Indeed, Plaintiff's complaint expressly acknowledges that Home Depot's new rental agreement does not violate the Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.020.  (*See* Cmplt. ¶ 42 ("This case does not involve any claim based upon the new rental agreement or about the optional 'damage protection' Home Depot now offers")).  As a result, Plaintiff's complaint does not seek injunctive relief to change Home Depot's tool rental agreement.  (*See* Cmplt. ¶¶ 63 & 68).  Therefore, Home Depot's argument that Plaintiff seeks injunctive relief and that this Court has jurisdiction because of that request for injunctive relief is wrong.

Because there is no removal jurisdiction over this case, the Court should remand this action back to the Circuit Court of St. Louis County, Missouri.

**FACTS**

Plaintiff filed her Class Action Petition on March 20, 2008, in the Circuit Court of St. Louis County, Missouri, asserting claims against defendant Home Depot U.S.A. Inc. d/b/a The Home Depot ("Home Depot") for violations of the Missouri Merchandising Practices Act, MO.REV.STAT. § 407.020[1].  Exhibit A.  Plaintiff's Complaint alleges that Home Depot rents tools and equipment in its "Tool Rental Centers" located in Home Depot retail stores throughout the United States.  (Cmplt. ¶ 2).  After Home Depot and the customer agreed to the rental terms, Home Depot's computer automatically up-charged the rental by 10% for Home Depot's "Damage Waiver," listing the "Damage Waiver" charge below the "Rental Subtotal" and adjacent to the charge for government "Sales Tax."  (Cmplt. ¶ 4).  Home Depot intentionally failed to disclose that the "Damage Waiver" was not part of the "applicable sales and rental taxes."  (Cmplt. ¶ 5).  Additionally, Home Depot intentionally failed to disclose that the "Damage Waiver" is an optional charge, and that Home Depot would cancel the charge at the customer's request.  (Cmplt. ¶ 5).

Sometime in 2005 or 2006 – after Plaintiff filed her original complaint in Illinois – Home Depot changed its business practices related to the damage waiver in its tool rental agreements. (Cmplt. ¶¶ 7 & 37-42).  Plaintiff believes that Home Depot has changed the charge to "damage protection" instead of "damage waiver" and that Home Depot has made the "damage protection" charge optional, whereas Plaintiff alleged that the "damage waiver" charge was not truly optional.  As a result, Plaintiff expressly limited her Complaint to Home Depot's previous, "old"

---

[1] Plaintiff originally filed this action in Illinois State Court on June 22, 2002, however on September 21, 2007, the Illinois Appellate Court dismissed Plaintiff's action holding that Missouri was the proper forum.  (Cmplt. ¶¶ 7 & 8).

tool rental agreements.  (Cmplt. ¶¶ 37-42).  Therefore, the amount of damages Plaintiff seeks in her Complaint expressly does not include "damage protection" fees Home Depot collected from its new tool rental agreements and the case does not involve the new agreements at all.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only the power authorized by Constitution and Statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "The district court must remand a case whenever it appears that the court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  Additionally, "[b]ecause the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed." *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir.2002).  "Therefore, although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim, and any doubts about the propriety of removal are resolved in favor of remand." *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir.1993).  As a result, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rest upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.  Moreover, "[w]hen deciding a motion to remand, the Court must resolve all doubts concerning federal jurisdiction in favor of remand to state court." *In re Bus. Men's Assurance Co.*, 992 F.2d at 183.  Furthermore, the "well-pleaded complaint" rule generally prohibits removal of an action filed in state court when no federal question appears on the face of the complaint. *Rosati v. Cleveland-Cliffs, Inc.*, 259 F. Supp. 2d 861, 867 n. 6 (D.Minn.2003).  "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." *Manning v. Wal-Mart Stores E., Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D.Mo.2004).

## ARGUMENT

### A.     CAFA Does Not Apply.

CAFA does not apply because this case actually "commenced" on June 22, 2002, when Plaintiff filed her class action complaint in the Circuit Court of Madison County, Illinois. "CAFA applies only to class actions commenced on or after February 18, 2005."  *Plubell v. Merk & Co., Inc.*, 434 F.3d 1070, 1071 (8th Cir. 2006) *citing* the Class Action Fairness Act of 2005, § 9, 119 Stat. at 14.  CAFA does not define the word "commence," but Missouri defines "commence" as filing a petition with the court.  *See* Missouri Supreme Court Rule 53.01.  "A[] … pleading relates back to the date of the original petition 'whenever the claim or defense asserted in the … pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'"  *Plubell*, 434 F.3d at 1071-72 *quoting* Missouri Supreme Court Rule 55.33(c).

Here, Plaintiff "commenced" this action against the same defendant on June 22, 2002 in the Circuit Court of Madison County, Illinois.  A true and correct copy of Plaintiff's final Illinois complaint is attached as <u>Exhibit B</u>.  After years of the same parties litigating identical claims asserted from the same transaction and occurrence in the Circuit Court of Madison County, Illinois, Defendant filed a Motion to Dismiss pursuant to forum non conveniens.  After the Circuit Court of Madison County denied Defendant's motion, Defendant appealed the Circuit Court's order.  On September 21, 2007, the Appellate Court of Illinois, Fifth District reversed the Circuit Court's order and granted Defendant's Motion to Dismiss without prejudice and ordered Plaintiff to refile her case within six months in a more convenient forum.  *Chochorowski v. Home Depot U.S.A. Inc.*, 875 N.E.2d 682 (Ill. App. Ct. 2007) (<u>Exhibit C</u>).  Additionally, the Illinois Appellate Court held that Defendant must waive any statute of limitations defenses if Plaintiff re-files the action within six months.  *Id*. ("defendant … shall waive a statute-of-

limitations defense in the other forum").  As a result, the complaint filed in the Circuit Court of

St. Louis County, Missouri—dismissed without prejudice in Illinois and then re-filed in Missouri

at Home Depot's express request—did not "commence" a new action but rather continued the

action Plaintiff commenced on June 22, 2002.  Therefore, CAFA does not apply and this Court

should remand for lack of jurisdiction.

**B.      The Amount In Controversy Is Less Than CAFA's $5 Million Threshold.**

Even assuming arguendo that CAFA applied, this case still should be remanded because

the amount in controversy is less than $5 million.  Again, "Federal courts are courts of limited

jurisdiction.  They possess only that power authorized by Constitution and Statute." *Kokkomen*

*v. Guardian Life Ins. Co.*, 511 U.S. 375, 37 (1994).  A state court action may be removed to

federal court if federal court has "original jurisdiction" over the matter.  28 U.S.C. § 1441(a).  If

defendant is the one invoking federal jurisdiction, it bears the burden of demonstrating

jurisdiction exists.  *Bass v. Carmax Auto Superstores, Inc.*, No. 07-0883-cv-w-ods, 2008 WL

441962, *1 (W.D. Mo. Feb. 14, 2008) (Smith, J.).  Defendant must establish, by a preponderance

of the evidence, that the matter in controversy exceeds the sum or value of $5,000,000, exclusive

of interest and costs.  *Nowak v. Innovative Aftermarket Systems, L.P.*, No. 4:06CV01622 ERW,

2007 WL 2454118 at *3 (E.D. Mo. August 23, 2007) (Webber, J.).

CAFA confers original jurisdiction over any class action involving: (1) an aggregate

amount in controversy of at least $5 million, exclusive of interest and costs; (2) minimal

diversity; and (3) 100 or more class members.  *See* 28 U.S.C. §§ 1332(d)(2), (5)(B), (6).  The

burden rests upon Defendant to demonstrate that a fact finder might legally award a class more

than $5 million.  *Bass*, 2008 WL 41962 at *1.

Here, Defendant argues that "From December 9, 1999 to April 21, 2008, tool rental

customers in Missouri paid Home Depot approximately $2.191 million to purchase a damage

waiver." (Def. Not. ¶ 25).  However, Plaintiff's Complaint expressly excludes Home Depot's

new tool rental agreement and its optional "damage protection" charge, which Home Depot

began offering in 2005 or 2006.  (Cmplt. ¶¶ 37-42).  As a result, the figure Defendant should be

considering is the total amount of "damage waiver" fees—not "damage protection" fees—that

Home Depot collected from 1999 – 2005 (or 2006).  Therefore, Defendant's figure of $2.191

million is significantly inflated.

Defendant attached a declaration of the Home Depot "Director Tool Rental," Jim

Summers, in support of its Notice of Removal.  (Def. Not., Ex A).  In his declaration, Summers

stated that "in 2003 alone, tool rental customers purchased a damage waiver from a Home Depot

tool rental center in Missouri on over 62,000 occasions."  (Def. Not., Ex A ¶ 6).  Additionally,

Summers stated that "During 2005, Home Depot's revenue from the sale of damage waivers to

customers in Missouri totaled $426,073."  (Def. Not., Ex A ¶ 9).  As a result, Defendant

apparently has the ability to determine year-by-year fees Home Depot collected via its damage

waivers but chose not to inform the Court, despite knowing that Plaintiff's Complaint clearly

excludes claims from Home Depot's new tool rental agreement.  Because Plaintiff alleges that in

2005 or 2006 Home Depot changed its tool rental agreement to stop automatically charging

"damage waivers" and to charge optional "damage protection" fees, the Court is left to guess

how much money Home Depot might have collected in damage waiver fees from 1999 to 2005

(or 2006).  This alone is enough to hold that Home Depot failed to meet its burden of proof that a

fact finder might be able to find that the amount in controversy exceeds $5 million.  *See Bass*,

*supra*.

Because Defendant failed to provide the Court with the appropriate damage waiver sales

information—information about the true amount in controversy—Plaintiff can only extrapolate

approximate sales figures based on Summers' declaration.  Between December 9, 1999 and April

21, 2008 is about 8 years, 4 months.  Using Home Depot's figure of $2.191 million over that

time period, Home Depot collected about $262,920 per year on damage waiver and damage

protection fees.  Since Defendant inflated its $2.191 million figure by 2 to 3 years, we can

extrapolate the approximate amount of damage waiver fees Home Depot collected during the

relevant time period.

If Home Depot changed its tool rental agreement in 2005, extrapolation suggests that

Home Depot collected a total of $1,402,000 in Missouri damage waiver fees.  If Home Depot

changed its tool rental agreement in 2006, the extrapolation is that Home Depot collected a total

of $1,665,000 in Missouri damage waiver fees.  Both numbers are far below CAFA's $5 million

threshold for federal jurisdiction.

Moreover, using either one of these figures to then calculate punitive damages and

attorneys' fees indicates that the total amount in controversy is less than $5 million.  Punitive

damages in this case are not likely to be anything in the neighborhood of $3 million.  Likewise,

attorneys' fees on even a $1.7million compensatory judgment are not likely to be high enough to

make the total amount in controversy exceed $5 million.

Defendant has failed to prove by a preponderance of the evidence that the amount in

controversy exceeds $5 million and, therefore, the Court should remand the case to state court.

**C.      Plaintiff Does Not Seek Injunctive Relief.**

Defendant improperly argues that this Court has original jurisdiction over this action

under traditional diversity jurisdiction.  (Def. Not. ¶ 34).  Defendant draws this conclusion

because Home Depot argues that Plaintiff asked for injunctive relief in her Complaint.  That is

not true.  Defendant cites to paragraph 49(c) of Plaintiff's Complaint to argue that Plaintiff seeks

injunctive relief.  However paragraph 49(c) of Plaintiff's Complaint is contained within the

"Class Allegations" section of the complaint and merely illustrates an example of when a class action is appropriate; it cites the three alternative requirements for certification under Missouri law.  It does not indicate that Plaintiff requests injunctive relief.  If it did, that paragraph would be contrary to the rest of Plaintiff's complaint, which clearly states that Home Depot has already made satisfactory changes to its tool rental agreement and stopped the practice Plaintiff complains of.  (Cmplt. ¶¶ 7 & 37-42).  Additionally, in the "wherefore" clauses under both Counts in Plaintiff's Complaint, Plaintiff lists the type of relief she is seeking and never requests injunctive relief.  Plaintiff did not seek injunctive relief because she believes that Home Depot has already corrected the practice at issue.  As a result, without injunctive relief, Plaintiff will not come close to the \$75,000 requirement to have traditional diversity.  Therefore, the Court should remand this action back to the Circuit Court of St. Louis County, Missouri.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court remand this action back to the Circuit Court of St. Louis County, Missouri.

Dated: July 11, 2008.                              Respectfully submitted,

**JANET CHOCHOROWSKI, individually and on behalf of others similarly situated,**

By: s/ Mark L. Brown_____
                    One of Plaintiff's Attorneys

Mark L. Brown
**THE LAKIN LAW FIRM, P.C.**
300 Evans Avenue
P.O. Box 229
Wood River, IL 62095
(618) 254-1127

**Attorney for Plaintiff
and the Proposed Class**

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

JANET CHOCHOROWSKI, individually
and on behalf of others similarly situated,

       Plaintiff,

    v.

HOME DEPOT U.S.A., INC. d/b/a
THE HOME DEPOT,

       Defendant.

Case No. 4:08-cv-00849

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2008, I electronically filed Brief in Support of Plaintiff's

Motion to Remand with the Clerk of Court using the CM/ECF system which will send

notification of such filings(s) to the following:

    Russell K. Scott
    rks@greensfelder.com

              Respectfully submitted,

              s/ Mark L. Brown

              THE LAKIN LAW FIRM
              300 Evans Avenue
              P.O. Box 229
              Wood River, IL 62095
              Phone: (618) 254-1127
              Fax: (618) 254-0193
              E-mail:  markb@lakinlaw.com